654 S.E.2d 305

Matthew Tremaine MOORE

v.

COMMONWEALTH of Virginia.

Record No. 2091–05–2.

Court of Appeals of Virginia,
Richmond.

Dec. 27, 2007.

John B. Mann, Richmond, for appellant.

Karen Misbach, Assistant Attorney General II (Robert F. McDonnell, Attorney General, on brief), for appellee.

Present: FELTON, C.J., and ELDER, FRANK, HUMPHREYS, CLEMENTS, KELSEY, McCLANAHAN, HALEY, PETTY and BEALES, JJ.

## UPON A REHEARING EN BANC

ELIZABETH A. McCLANAHAN, Judge.

Matthew Tremaine Moore appeals his conviction, upon a conditional guilty plea, for possession of cocaine with intent to distribute and possession of a firearm after having been convicted of a felony. Moore contends the trial court erred in denying his motion to suppress evidence of these crimes because the officer who stopped him lacked probable cause to make a warrantless traffic stop, in violation of Moore's Fourth Amendment rights. A panel majority of this Court reversed the decision of the trial court on different grounds. We granted a petition for rehearing *en banc* and stayed the mandate of the panel decision.[1] Upon rehearing *en banc*, we affirm the trial court.

## I.

The following facts are undisputed. Henrico County Police Officer W.T. Bryan stopped Moore's vehicle after observing a peeling inspection sticker on the windshield. Upon approaching the vehicle, Officer Bryan smelled marijuana. Officer Bryan then conducted a search of the vehicle and discovered

---

1. Our *en banc* order had the effect of vacating the panel opinion. *See Glenn v. Commonwealth*, 49 Va.App. 413, 423 n. 3, 642 S.E.2d 282, 287 n. 3 (2007) (*en banc*) (observing that the "grant of *en banc* review vacates the prior panel opinion *in toto*" and thereby eliminates the need to address the "differing views expressed by the panel majority and dissent"); *see also Logan v. Commonwealth*, 47 Va.App. 168, 170, 622 S.E.2d 771, 772 (2005) (*en banc*) (recognizing that, with an *en banc* order, we "set aside our panel opinion").

various illegal drugs and a firearm. Moore was subsequently indicted for possession of cocaine with intent to distribute and possession of a firearm after having been convicted of a felony.

Moore moved to suppress the evidence seized from his vehicle, contending the stop was illegal under the Fourth Amendment. The trial court concluded the stop was legally justified under a reasonable articulable suspicion standard, and denied the motion. Moore subsequently entered a conditional guilty plea on the two possession charges referenced above, preserving his right to appeal the ruling on his motion.

## II.

The question presented in Moore's petition for appeal is: "Did Officer Bryan have probable cause to make a traffic stop of the vehicle being driven by Moore on the sole basis that he observed that a valid inspection sticker was not totally affixed to the windshield of the vehicle?" On brief, Moore reiterates that "the issue in this appeal" is whether the officer had "probable cause" to conduct the traffic stop of Moore's vehicle. He further asserts on brief that "[t]he Supreme Court has held that an officer must have probable cause to believe a traffic violation to have occurred, only then can the officer have the right to conduct a traffic stop."

Moore sets forth the wrong legal standard that governs this case and also misstates the law. Whether an officer is justified in making an investigatory traffic stop is not governed by probable cause; rather, the officer's action is judged by the lesser standard of reasonable and articulable suspicion of criminal activity. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002); *Jackson v. Commonwealth*, 267 Va. 666, 673, 594 S.E.2d 595, 598 (2004); *Shiflett v. Commonwealth*, 47 Va.App. 141, 146, 622 S.E.2d 758, 760–61 (2005).

As no appeal was sought or granted on the issue of whether "the officer's action [was] supported by reasonable suspicion" of "legal wrongdoing" when making the traffic stop,

*Arvizu,* 534 U.S. at 273, 122 S.Ct. at 750, "we may not consider this issue on appeal" under Rule 5A:12(c). *Selph v. Commonwealth,* 48 Va.App. 426, 434, 632 S.E.2d 24, 28 (2006) (holding assignment of error barred under Rule 5A:12(c)). Rule 5A:12(c) provides that "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals." *See Clifford v. Commonwealth,* 274 Va. 23, 25, 645 S.E.2d 295, 297 (2007) (reversing decision of this Court based, in part, on application of Rule 5A:12(c)); *Lay v. Commonwealth,* 50 Va. App. 330, 336 n. 3, 649 S.E.2d 714, 716 n. 3 (2007) (explaining that under Rule 5A:12(c) "[w]e . . . do not answer [an] unasked question"); *McLean v. Commonwealth,* 30 Va.App. 322, 329, 516 S.E.2d 717, 720 (1999) (*en banc*) ("Only those arguments presented in the petition for appeal and granted by this Court will be considered on appeal." (citing Rule 5A:12(c))). And unlike Rule 5A:18, Rule 5A:12(c) contains no "good cause" or "ends of justice" exception to the prohibition of addressing issues outside the scope of the question presented. *See Thompson v. Commonwealth,* 27 Va.App. 620, 626, 500 S.E.2d 823, 826 (1998); *see also Selph,* 48 Va.App. at 434, 632 S.E.2d at 28.

For these reasons, we affirm Moore's convictions.

*Affirmed.*

HUMPHREYS, J., concurring.

I entirely join in the analysis and judgment of the majority and I write separately solely to emphasize the rationale for Rule 5A:12(c) and the necessity for adherence to it.

As Judge Elder points out in his dissent, counsel for the appellant alleged in the trial court that Officer Bryan lacked "probable cause or a reasonable suspicion of criminal activity to conduct a stop of the vehicle operated by Matthew Moore." Although phrased in the disjunctive in the trial court, it was apparent to me from appellant's brief and *en banc* oral argument, that appellant's counsel was erroneously using the distinctively different terms of constitutional art—"probable cause" and "reasonable suspicion"—interchangeably. *See*

*United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002). This perhaps explains appellant's failure to allege as error in his issue presented, the actual legal standard relied upon by the trial court. However, such an explanation cannot operate as an excuse.

Some might suggest our disposition of this case is an overly technical application of our Rules. However, under the constitutional and statutory scheme under which we operate, we must decide cases based upon the issues appellants present to us, not the issues they might or should have presented. At both the trial and appellate level, our system of justice is inherently an adversarial system and the courts may not properly assume the role of an advocate for either party.

The rule of law can only exist if laws are administered fairly, rationally, predictably, consistently, and impartially. Our entire judicial system is premised upon the notion that, only a party acting *pro se* or a professional attorney, making strategic and tactical decisions as an advocate and theoretically in the client's best interest, may frame the issues the courts must resolve. To second guess counsel for the parties and substitute our collective judgment to re-frame issues in a way that may better serve the appellate interest of one of the parties, would necessarily call into question our objectivity and impartiality with respect to both the other party and the public generally.

Accordingly, we have no alternative but to affirm the judgment of the trial court for the reasons more fully stated in the majority opinion.

PETTY, J., concurring in the result.

The majority opinion and Judge Humphreys' concurring opinion both make a very valid point regarding both the application and purpose of Rule 5A:12(c) as well as our obligation to ensure that appellants adhere to our Rules. It is a point with which I would typically agree. However, in this case I believe that we can decide the basic question presented by the appellant—whether the trial court erred in denying the

motion to suppress—without doing harm to the purpose or effect of Rule 5A:12.

While it is clear that appellant employed the irrelevant probable cause standard in his question presented, it is also clear that all parties involved in this case addressed the relevant standard of reasonable suspicion in arguing and deciding the case. The defense attorney as well as the Commonwealth's attorney identified the appropriate standard in their arguments to the trial court. The trial court obviously understood those arguments, commenting that "it basically boils down to whether or not the officer had a reasonable articulable suspicion. . . ." In his opening brief, appellant argued that the officer had neither probable cause nor reasonable suspicion to justify the stop. The Attorney General understood the issue, rephrased the question presented to state the correct constitutional standard, and went on to address it. In a published decision, a panel of this Court decided the case on the merits. Finally, we never asked appellant to address the issue at oral argument. Simply put, at no time prior to our decision did the form of the question presented raise any concern.

This case presents the rare occasion in which I believe that we should exercise our inherent authority to expand the question presented and decide the issue argued—whether the stop of the appellant's car was in violation of the Fourth Amendment to the United States Constitution. For that reason, I do not join in the reasoning of the majority.

I do, however, agree with the conclusion reached by the majority. For the reasons stated by the dissent in the panel decision, *Moore v. Commonwealth,* 49 Va.App. 294, 308–11, 640 S.E.2d 531, 538–39 (McClanahan, J., dissenting), *reh'g en banc granted by Moore v. Commonwealth,* 49 Va.App. 497, 642 S.E.2d 769 (2007), I would affirm the ruling of the trial court.

ELDER, J., with whom FELTON, C.J., and BEALES, J., join, dissenting.

It is undisputed that, in the proceedings before the trial court, Moore's argument expressly included the assertion that

Officer Bryan did not have "probable cause or a reasonable suspicion of criminal activity to conduct a stop of the vehicle operated by Matthew Moore" based solely on the fact that "the inspection sticker on the vehicle was not fully attached to the windshield." Thus, Moore properly preserved for appeal under Rule 5A:18 the dispositive issue of whether Officer Bryan had the reasonable suspicion necessary to validate the stop.

Although the majority does not dispute that Rule 5A:18's contemporaneous objection requirement has been satisfied, it concludes Moore's statement of his question presented—which contended the stop was unreasonable based on a lack of probable cause without reference to the controlling legal standard of reasonable suspicion—failed to satisfy Rule 5A:12(c). I disagree with the majority's application of Rule 5A:12(c), which the majority has raised for the first time *sua sponte* following argument on rehearing *en banc.* The Commonwealth posed no Rule 5A:12(c) objection at any stage of these proceedings, including on rehearing *en banc;* rather it merely restated the question presented so that it included the proper legal standard of reasonable suspicion rather than probable cause and proceeded to make argument on this issue. Further, I believe the majority interprets Rule 5A:12(c) too narrowly. Contrary to the majority's holding, I would conclude the trial court's ruling that Officer Bryan had the reasonable articulable suspicion necessary to conduct the stop was properly before us under Rule 5A:12(c).

Rule 5A:12(c) provides that "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals." Here, Moore noted a timely appeal on the question presented, "Did Officer Bryan have probable cause to make a traffic stop of the vehicle being driven by Moore on the sole basis that he observed that a valid inspection sticker was not totally affixed to the windshield of the vehicle?" This question presented was specific enough to allow the Commonwealth and this Court to focus on the relevant issue—whether the trial court's denial of the motion to suppress was error—such that the purpose of Rule 5A:12(c) has been met. The Com-

monwealth clearly understood the relevant issue and—without objection, as stated above—simply rephrased the question presented to include the proper legal standard. Had Moore's assignment of error in fact been worded more generally to allege that the trial court's denial of the motion to suppress was error, without including any reference to reasonable suspicion or probable cause, it would be undisputed that the requirement of Rule 5A:12(c) had been met. This stands in marked contrast to a situation in which we grant a petition for appeal challenging the sufficiency of the evidence to prove one element of a crime and the appellant later attempts to challenge the sufficiency of the evidence to prove a different element of the offense. *See Selph v. Commonwealth*, 48 Va.App. 426, 434, 632 S.E.2d 24, 28 (2006); *see also Clifford v. Commonwealth*, 274 Va. 23, 24–26, 645 S.E.2d 295, 296–97 (2007) (involving one objection at trial to limits on cross-examination, that Clifford should be allowed to cross-examine victim about her prior sexual contact leading to prosecution of a different defendant in order to show victim had access to law enforcement authorities but did not make contemporaneous report of Clifford's sexual contact, and a wholly different statement of error on petition for appeal, that Clifford had made a threshold showing of a "reasonable probability of falsity" necessary to cross-examine victim about victim's prior false accusations against another under an exception to the rape-shield law). Here, the question whether reasonable suspicion for the stop existed was subsumed within the probable cause assignment of error because the same evidence was involved and the only difference in the legal analysis was whether that evidence met the "lesser" legal standard of reasonable suspicion rather than the "greater" legal standard of probable cause.

Further, we have expressly held that "the text of [Rule 5A:12(c)] does not prevent this Court, in its discretion and pursuant to its inherent authority, from considering ... additional issues as long as the Court has acquired jurisdiction over the appeal via timely filing of the original petition for appeal." *Riner v. Commonwealth*, 40 Va.App. 440, 455, 579

S.E.2d 671, 678–79 (2003) (citation omitted), *aff'd on other grounds,* 268 Va. 296, 601 S.E.2d 555 (2004). To the extent the wording of Moore's assignment of error was not specific enough to place the issue of reasonable suspicion before us, I believe our consideration of the reasonable suspicion issue at the panel stage constituted an enlargement of the scope of the issues on which we granted appellant's petition for appeal. As set out above, the Commonwealth posed no objection to that consideration and, in fact, rephrased the question presented to set out the proper legal standard before arguing on brief why the trial court's denial of the motion to suppress should be affirmed.

Thus, I would reach the merits of appellant's reasonable suspicion argument. Further, for the reasons set out in the panel majority decision in this case, *see* 49 Va.App. 294, 300–308, 640 S.E.2d 531, 534–38 (2007), I would reverse appellant's convictions. Accordingly, I respectfully dissent.